STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. CV-10-86
                                                  JON-YOR- 11/15/2012

MFR Industrial Properties, LLC,        )
                                       )
            Plaintiffs,                )
      v.                               )
                                       )              ORDER
CORCORAN MANAGEMENT Co., Inc.          )
                                       )
            Defendants.                )


## BACKGROUND

On July 21, 2008, MFR leased a large piece of commercial real estate located in Manchester, New Hampshire to Defendant Corcoran Management Company, Inc. ("CMC"). CMC's sister corporation, Corcoran Environmental Services, Inc. ("CES"), was the actual tenant in the building. CES filed for bankruptcy on April 6, 2009, listing the lease of the Manchester property as an asset. MFR, CMC, and CES entered a lease amendment in May 2009 in which CES assumed the lease and CMC agreed to guaranty liability on the lease to MFR. It appears from oral argument that the United States Bankruptcy Court for the District of Maine approved CES's plan of reorganization in August 2010, and imposed an automatic stay applicable to the creditors of CES and those of all listed co-debtors. CMC was listed on the schedule of codebtors. MFR now seeks to pursue relief from CMC in this case and argues the terms of the automatic stay does not prevent this.


## DISCUSSION

Plaintiff seeks relief from the bankruptcy stay imposed by the Bankruptcy Court. The Supreme Court has held that the "laws of the United States 'shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'" *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 540 (2001); Art. VI, cl. 2. See also *McCulloch v. Maryland*, 17 U.S. 316, 316 (1819). The stay was imposed by a

federal court, the Bankruptcy Court, and can be lifted only by the Bankruptcy Court or a higher Federal Court. *Id.* This Court does not have jurisdiction to lift the automatic stay in this case. It appears from the terms of the stay that it facially applies to these parties. Whether it should be amended or lifted is an issue for the bankruptcy court.

## CONCLUSION

Motion to lift or amend stay Denied.

Dated: November 15, 2012

John O'Neil, Jr.
Justice, Superior Court

ATTORNEYS FOR PLAINTIFF:
CHRISTINE W CASA ESQ
BOYNTON WALDRON ET AL
82 COURT STREET
PORTSMOUTH NH  03801

PHILIP L PETTIS (PRO  HAC VICE)
BOYNTON WALDRON ET AL
82 COURT STREET
PORTSMOUTH NH  03801

ATTORNEY FOR DEFENDANT:
SUSAN B DRISCOLL
BERGEN & PARKINSON LLC
62 PORTLAND RD SUITE 25
KENNEBUNK ME  04043